

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---
## NO. AP-76,086
---

### IN RE JOHN R. ROACH, CRIMINAL DISTRICT ATTORNEY,
### Relator-Movant

---

### ON MOTION TO STAY PROCEEDINGS IN THE TRIAL COURT AND MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS FROM CAUSE NO. W296-80233-90 IN THE 366TH DISTRICT COURT[1] OF COLLIN COUNTY

---

*Per Curiam.*  PRICE, J., not participating.

### O P I N I O N

This opinion concerns a request for a stay of the proceedings below and a motion for leave to file a petition for writ of mandamus.

On October 7, 2008, this Court received a subsequent writ application in which applicant Charles Dean Hood asserted that he was denied a fair trial because of an alleged

---

[1] This case has been in the 296th Judicial District Court.  However, on September 26, 2008, the administrative judge of the district transferred the case to the 366th Judicial District Court.

romantic relationship between the trial judge and the prosecutor. Hood asserted that the claim met the dictates of Article 11.071, § 5, because he presented new facts gleaned from depositions given pursuant to Texas Rule of Civil Procedure 202. On November 19, 2008, we ordered the trial court to collect or adduce any evidence it deemed necessary to make a recommendation on (1) whether the doctrine of laches bars the consideration of applicant's claim, and (2) whether applicant meets the dictates of Article 11.071, § 5. *Ex parte Hood*, No. WR-41,168-11 (Tex. Crim. App. Nov. 19, 2008). We ordered the trial court to return its recommendations and the record of any proceedings conducted to this Court within sixty (60) days of the date of the order.

Shortly after receiving the order, the trial court (respondent), citing the authority vested in it by this Court's November 19th order, appointed a master to conduct any necessary hearings and to otherwise take evidence in the court's stead. The State objected to the appointment, and the court overruled its objections.

The court's appointment was not authorized. The authority to appoint a master is set out in statutes. *See Simpson v. Canales*, 806 S.W.2d 802 (Tex. 1991)(holding that Texas Rule of Civil Procedure 171 is the exclusive authority for the appointment of masters in our state courts). Texas Rule of Civil Procedure 171 provides for the appointment of a Master in Chancery. A court may make such an appointment only in exceptional cases and for good cause. The Texas Supreme Court made clear in the *Simpson* case that the "exceptional" condition is not met merely by a showing that the case is complicated or time-consuming, or that the court is busy. *Simpson*, 806 S.W.2d at 811. In fact, the court expressly stated that

the complex cases are actually the very cases which most need and benefit from the supervision of an experienced trial judge. *Id.* These principles are likewise applicable to the instant case. Further, the fact that this is a death penalty case does not make it "exceptional" as that term is contemplated in Rule 171.

Texas Government Code Chapter 54 also provides for the appointment of masters in various cases and situations. Each of the subchapters in this section provides for the appointment of a master, magistrate, referee, or associate judge in a particular county or in a particular circumstance. However, none of them provide for the appointment of a master in a death penalty case (trial or habeas) in Collin County.

Given the circumstances of the instant case and the law as it currently stands, we find that the respondent trial court has exceeded its authority in the instant case by appointing a master to conduct the proceedings currently before it. Accordingly, we conditionally grant relator's petition for writ of mandamus and direct the district judge to vacate its order appointing a master in the case. The writ will issue only if the district court fails to take appropriate action in accordance with this opinion. Further, we deny relator's motion to stay the proceedings below. However, the trial court will be given an additional sixty (60) days from the date of this order to comply with our order of November 19, 2008. Any extensions to this deadline shall be sought directly from this Court.

Delivered: January 28, 2009
Do not publish